```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA


ELECTRONIC PRIVACY INFORMATION CENTER    )
1718 Connecticut Avenue, N.W.            )
Suite 200                                )
Washington, DC 20009,                    )
                                         )
            Plaintiff,                   )
                                         )
     v.                                  )    Civil Action
                                         )
DEPARTMENT OF DEFENSE                    )
The Pentagon                             )
Washington, DC 20301,                    )
                                         )
            Defendant.                   )
                                         )
```

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  Plaintiff seeks injunctive and declaratory relief to invalidate a determination by defendant Department of Defense that plaintiff 1) does not qualify for treatment as a "representative of the news media" within the meaning of the FOIA, and 2) is therefore not entitled to favorable processing fee status under the FOIA.

Jurisdiction and Venue

2. This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202.  Venue lies in this district under 5 U.S.C. §

552(a)(4)(B).

## The Parties

3. Plaintiff Electronic Privacy Information Center ("EPIC") is a research organization incorporated as a not-for-profit corporation in Washington, DC. EPIC's activities include the review of federal government activities and policies to determine their possible impacts on civil liberties and privacy interests. Among its other activities, EPIC publishes books, reports and a bi-weekly electronic newsletter. EPIC also maintains a heavily-visited site on the World Wide Web containing extensive information on privacy issues, including information EPIC has obtained from federal agencies under the FOIA.

4. Defendant Department of Defense ("DoD") is a department of the Executive Branch of the government of the United States. DoD is an "agency" within the meaning of 5 U.S.C. § 552(f).

## Plaintiff's FOIA Request and Correspondence with Defendant DoD

5. By letter to defendant DoD dated February 21, 2002, plaintiff requested copies of agency records. Specifically, plaintiff requested copies of "all agency records concerning [DoD's] Information Awareness Office; its director, Admiral (retired) John Poindexter; and Syntek Corporation."

6. Plaintiff requested that "EPIC be placed in the category of 'news media' requester." In support of its request, plaintiff stated that "EPIC publishes a biweekly electronic

newsletter, issues regular public reports and analyses, and maintains a free online electronic library," and that "[a]ny information that is obtained as a result of this request will be disseminated through these publications and others."

7. By letter to plaintiff dated March 1, 2002, defendant DoD responded to plaintiff's FOIA request and asserted that it was "denying your request to be considered as a representative of the news media."  Defendant further asserted that "we have placed you in the 'other' fee category.  As such, you must pay all search and duplication fees incurred in the processing of your request, except for the first two hours of search time and the first 100 pages of duplication, which are furnished without charge."  Finally, defendant DoD advised plaintiff that "a search for documents responsive to your request will not be initiated until we receive your willingness to pay fees that you may incur as an 'other' requester."

8. By letter to defendant DoD dated March 12, 2002, plaintiff appealed the denial of its request to be classified as "a representative of the news media" under the FOIA.  In support of its appeal, plaintiff reiterated the information concerning EPIC and its activities that it had previously submitted to the agency.  Specifically, plaintiff stated that:

> EPIC is a non-profit, educational organization that routinely and systematically disseminates information to the public.  This is accomplished through several means.  First, EPIC maintains a heavily visited Web site that highlights the "latest news" concerning privacy and civil liberties issues. . . .  The site also features scanned images of documents EPIC obtains

> under the FOIA.  Second, EPIC publishes a bi-weekly
> electronic newsletter that is distributed to over
> 15,000 readers, many of whom report on technology
> issues for major news outlets.  The newsletter reports
> on relevant policy developments of a timely nature
> (hence the bi-weekly publication schedule).  It has
> been published continuously since 1996, and an archive
> of past issues is available at our web site.  Finally,
> EPIC publishes and distributes printed books that
> address a broad range of privacy, civil liberties and
> technology issues.

Plaintiff attached to its appeal letter a copy of the homepage of the EPIC web site; a copy of a web page displaying scanned images of documents EPIC obtained under the FOIA; a copy of a web page displaying an archive of past issues of the EPIC electronic newsletter; and a list of EPIC publications.

9. By letter to plaintiff dated April 16, 2002, defendant DoD advised plaintiff that it was "denying your appeal for EPIC to be considered a representative of the news media, and accordingly it should be classified as an 'other' requester." Defendant DoD reiterated that "a search for responsive documents will not be initiated" until plaintiff states its "willingness to pay fees that you may incur as an 'other' requester."

10. By letter to defendant DoD dated May 10, 2002, plaintiff requested "reconsideration of the determination that [plaintiff] is not qualified to be treated as a 'representative of the news media' for fee assessment purposes."  In support of its request, plaintiff stated, <u>inter</u> <u>alia</u>, that:

> We maintain a heavily visited Web site that highlights
> the "latest news" concerning privacy and civil
> liberties issues.  These featured news items reflect
> EPIC's editorial judgment concerning what is

> newsworthy for our audience, and include EPIC's analysis of information derived from a variety of sources, including material obtained under the FOIA.
>
> . . .
>
> EPIC publishes a bi-weekly electronic newsletter that is distributed to over 15,000 readers, many of whom report on technology issues for major news outlets. The newsletter reports on relevant policy developments of a timely nature (hence the bi-weekly publication schedule).  As with the news items published on our homepage, the newsletter reports on recent events of interest to our subscribers and incorporates information from a variety of sources (including FOIA requests), as well as EPIC's analysis of such data. It is available at no charge to any individual or organization that chooses to subscribe.  The newsletter has been published continuously since 1996, and, as previously noted, an archive of past issues is maintained at our web site.
>
> . . .
>
> EPIC publishes and distributes printed books that address a broad range of privacy, civil liberties and technology issues.  A list of EPIC publications was previously provided.  Similar to our website and newsletter, these paper publications reflect EPIC's analysis of information derived from various sources and which we believe is of interest to our audience.

Plaintiff attached to its request for reconsideration a copy of a sample issue of EPIC's electronic newsletter.

11. By letter to plaintiff dated May 28, 2002, defendant DoD advised plaintiff that it "cannot be considered as a 'representative of the news media.'"  Defendant further advised plaintiff of its right to seek judicial review of defendant's determination.

<u>Plaintiff's Entitlement to Favorable Processing Fee</u>

12. Plaintiff qualifies to be classified as a

"representative of the news media" under the FOIA.

13. Defendant DoD's assessment of search fees against plaintiff violates the fee provisions of the FOIA.

14. Defendant DoD's refusal to process plaintiff's FOIA request until plaintiff agrees to pay search fees constitutes a wrongful withholding of the requested agency records.

15. Prior to the agency determinations described in paragraphs 7, 9 and 11, <u>supra</u>, the Defense Technical Information Center and the National Security Agency, both components of defendant DoD, had recognized plaintiff as a "representative of the news media" for purposes of FOIA fee assessments.

16. On information and belief, defendant DoD has adopted a policy and practice of interpreting its applicable regulations so as to deny plaintiff the favorable fee assessment status that defendant DoD had previously accorded to plaintiff.

17. Plaintiff requests information from defendant DoD on a continuing basis.  Defendant DoD's policy with respect to plaintiff's entitlement to classification as a "representative of the news media" constitutes a continuing barrier to plaintiff's access rights under the FOIA.

18. Plaintiff has exhausted all applicable administrative remedies.

<u>Requested Relief</u>

WHEREFORE, plaintiff prays that this Court:

A. Order defendants to classify plaintiff as a

"representative of the news media" for purposes of assessing processing fees associated with plaintiff's FOIA requests;

B. Issue a declaration that plaintiff qualifies as a "representative of the news media" for purposes of assessing processing fees associated with plaintiff's FOIA requests;

C. Order defendants to process immediately the agency records plaintiff requested;

D. Provide for expeditious proceedings in this action;

E. Award plaintiff its costs and reasonable attorneys fees incurred in this action; and

F. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
DAVID L. SOBEL
D.C. Bar No. 360418

MARC ROTENBERG
D.C. Bar. No. 422825

ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, DC  20009
(202) 483-1140

Counsel for Plaintiff